UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-61728

JAMES ROBERTS,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

_____/

## **COMPLAINT**

Plaintiff sues Defendant and states at all material times:

1. Plaintiffs bring this medical negligence claim under the Federal Tort Claims Act (FTCA) for damages caused by the negligence of the employees, agents, apparent agents, servants or representatives of the Defendant working at the Veteran's Administration in the Southern District of Florida (VA) while acting within the course and scope of their position and under circumstances where the Defendant, if a private person, would be liable to the Plaintiff. *See* 28 U.S.C. §§ 2671 et seq.

2. This Court has subject matter jurisdiction over the claims in this lawsuit. *See* 28 U.S.C. §§ 1331, 1346(b)(1).

3. This Court is a proper forum located in the proper venue because the Plaintiffs' claims against the Defendant arose in the Southern District of Florida, the Plaintiffs reside in the Southern District of Florida, this Court has subject matter jurisdiction over the claims made, and this Court has personal jurisdiction over the parties. *See* 28 U.S.C. § 1402(b).

4.      Plaintiffs satisfied all conditions precedent or they are waived, including, but not limited

to, all provisions of Chapter 766 of the Florida Statutes and/or the presuit requirements of

the FTCA. *See* 28 U.S.C. § 2675(a). Exhibit A is a copy of the VA's letter

acknowledging receipt of the Plaintiff's claim and denying the claim.

5.      Plaintiff served in the Army from about May 5, 1970 to about December 23, 1971 and

was honorably discharged.

6.      Plaintiff earned the right to receive treatment from the VA by virtue of his service.

7.      Before April of 2017, Plaintiff went to the VA for medical treatment.

8.      James D. Daughtry, MD, an urologist worked at the VA as contemplated by paragraph

one above.

9.      Dr. Daughtry treated the Plaintiff at the VA along with other healthcare providers, and

had a physician/patient relationship with James Roberts.

10.     The Plaintiff consistently exhibited and reported signs and symptoms suggestive of

prostate cancer and on multiple visits asked Dr. Daughtry why he was not performing

rectal exams.

11.     Mr. Roberts was ultimately diagnosed with prostate cancer and has metastatic cancer to

his spine and now is having trouble walking. He has undergone multiple surgical

procedures. He is incontinent of bowel and bladder following his prostate surgery. His

radiation treatments caused severe burning to his rectum and he suffers with chronic

rectal pain, rectal bleeding and blood in his urine. His life expectancy has been

compromised by the metastasis of his prostate cancer, which was completely avoidable

had he received adequate and timely care.

12.     The Defendant, through James D. Daughtry, M.D. and others, did undertake to diagnose, care for and treat James Roberts in accordance with the prevailing professional standard of care and treatment rendered by physicians with ordinary skill and learning and in accordance with the prevailing professional standard of care for physicians specializing in urology in Broward County, Florida or any similar community.

### Count 1 - Negligence

13.     Plaintiff incorporates paragraphs 1-12.

14.     Defendant by and through its agents, apparent agents, employees, servants, representatives and contractors at the VA undertook and owed a duty to exercise reasonable care in the treatment of Plaintiff.

15.     Defendant breached that duty in these non-exclusive ways:

    a.     Failing to diagnose timely the Plaintiff's prostate cancer;

    b.     Failing to treat timely the Plaintiff's prostate cancer;

    c.     Failing to notice and respond to the significance of the Plaintiff's PSA test results;

    d.     Failing to notice and respond to the Plaintiff taking testosterone and Finasteride while displaying the PSA test results that he was displaying;

    e.     Failing to change the Plaintiff medicines in response to the PSA test results;

    f.     Failing to perform adequate physical exams of the Plaintiff;

    g.     Failing to perform regular and appropriate rectal digital exams;

    h.     Failing to order timely and appropriate testing of the Plaintiff;

    i.     Allowing the Plaintiff's prostate cancer to metastasize to his spine and/or other organs;

    j.     Failing to recommend and make timely referrals to specialists; and

k.     Failing to treat Plaintiff within the standard of care.

16.     Defendant's breach, by and through the acts of its employees, agents, apparent agents, servants, or representatives, directly and proximately caused the Plaintiff to suffer permanent bodily injury, pain, disability, mental anguish, disfigurement, painful treatment, loss of the capacity for the enjoyment of life, medical and injury-related expenses and aggravation of a previously existing condition. The losses are permanent and Plaintiff will suffer them in the future.

Wherefore, Plaintiffs asks for:

a.     Judgment against Defendant for damages in an amount proven at trial subject to the limitations of 28 U.S.C. § 2675(b); and

b.     Cost of suit.

LAWLOR WHITE & MURPHEY, LLP
**Co-Counsel for Plaintiff**
2211 Davie Blvd.
Ft. Lauderdale, FL 33312
954-525-2345
954-730-8908 fax
bmurphey@lwmlegal.com
pleadings@lwmlegal.com

By:  /s/ Ben Murphey, Esq. (25489)

ABRAMOWITZ POMERANTZ & MOREHEAD, PA
**Co-Counsel for Plaintiff**
7800 W. Oakland Park Blvd., #101A
Sunrise, FL 33351
954-572-7200
954-748-6488 fax
howard@floridainjurylawyers.com
donna@floridainjurylawyers.com
pleadings@floridainjurylawyers.com

By:  /s/ Howard Pomerantz, Esq. (231002)